

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2003

# Connell v. Merck & Co Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1136

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Connell v. Merck & Co Inc" (2003). *2003 Decisions.* Paper 248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-1136

———————

WILLIE CONNELL,
                              Appellant

v.

MERCK AND COMPANY, INC.;
JOHN DOE (1-10), (names fictitious);
ABC PARTNERSHIP;
XYZ CORPORATION, (names fictitious);
PACE LOCAL 2-575

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 01-cv-01212
District Judge:  The Honorable Harold A. Ackerman

———————

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2003

———————

Before: ALITO, BARRY, and AMBRO, Circuit Judges

———————

(Filed: September 26, 2003)

———————

OPINION

———————

BARRY, Circuit Judge

Willie Connell was terminated by his employer, Merck and Company, Inc. ("Merck"), for dealing drugs and brought suit alleging, among other things, breach of the collective bargaining agreement. Connell also sued Local 2-575 of the Paper, Allied Industrial, Chemical and Energy Workers International Union ("Union"), claiming that the Union violated its duty of fair representation by failing to adequately present his case at the arbitration hearing. The District Court granted summary judgment to both defendants and Connell timely appealed. The District Court had jurisdiction pursuant to Section 301 of the Labor Management Relations Act and 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm.

Because the parties are familiar with the facts of the underlying dispute, we will discuss them only as necessary to resolve the issues presented. On March 2, 2001, Connell was formally terminated by Merck, his employer of over a decade. The Union filed a grievance on his behalf, challenging his termination and demanding arbitration pursuant to the collective bargaining agreement. A hearing was held, at which Connell was represented by an attorney provided by the Union. The arbitrator found that Merck had just cause to terminate Connell.

An employee is bound by the result of an arbitration proceeding unless he or she can show that the union's conduct toward the employee was "arbitrary, discriminatory or in bad faith," such that the union breached its duty of fair representation. Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998). "[A]n employee's claim against his employer

2

for wrongful discharge may be meritorious, but he nevertheless cannot prevail in a federal court action unless he establishes a lack of fair representation." Findley v. Jones Motor Freight, 639 F.2d 953, 958 (3d Cir. 1981).

Connell alleges that his attorney's actions were arbitrary. To prevail, he must show that those actions were far outside the "wide range of reasonableness" which "gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." Marquez, 525 U.S. at 45-46. The threshold question for us is whether the attorney's performance was within the range of acceptable performance and, if not, whether Connell was prejudiced thereby. Findley, 639 F.2d at 958.

Connell contends, first, that his attorney's decision not to call him as a witness at the arbitration hearing was arbitrary. The arbitrator concluded that Connell's failure to testify meant that an adverse inference could be drawn against him. Despite this evidence that the attorney's decision may have backfired, deciding not to call Connell so that he could deny any involvement with the sale of drugs was within the range of acceptable performance. That Connell denied the drug charges against him was in the record before the arbitrator, reducing the importance of his testimony. Moreover, there is support in the record before us for the conclusion that Connell would not have been a credible witness. In his deposition, he denied any involvement with drugs but offered no explanation for the drugs found in his apartment when he was arrested, explained that he kept a loaded 9mm Smith and Wesson in his nightstand because he was a sportsman, and claimed that he had $1800 in cash in a suitcase under his bed because it was a "safe spot" and because there

3

were unspecified items he needed to buy to make his apartment a "livable environment." His attorney cannot be faulted for believing that if Connell testified "he might just end up getting so far down the road of denials that he is going to look totally incredible."[1]

Connell contends, next, that prior to the hearing, his attorney should have but did not interview Merck's witnesses, Detective John Roesler, who arrested Connell, and Larry Keeley, who claimed that he purchased crack cocaine from him. We reject this contention without further discussion both because Connell fails to explain how he was prejudiced by his attorney's failure to interview Keeley and Roesler and because his attorney had access to the prior statements of both witnesses.

With regard to Detective Roesler, Connell also argues that his attorney should have used the transcript of Connell's criminal trial to cross-examine Roesler. If he had, the argument goes, he could have pointed out that at trial Roesler claimed that the cocaine he found in Connell's bedroom was in powder form, while in the arrest report he said it was in rock form with pieces chipped off. His attorney also could have pointed out that at the

---

[1] At his deposition, the attorney explained that his strategy was to argue, first, that the Union promised that Connell could resume working if he was acquitted; second, that Connell should not be fired for conduct engaged in while he was off-duty and off the premises; and, third, that the only evidence that Connell sold drugs was the testimony of Larry Keeley, who should not be believed because he was a drug addict "with an obvious motive to lie about [Connell] to curry favor with the police after being arrested" for selling drugs to an undercover police officer. At the time of the arbitration hearing, Keeley was still on probation and thus continued to have an incentive to lie. The attorney decided against putting the focus on Connell's blanket denials because he did not believe that a strategy that would require the arbitrator to believe that the police conspired to frame Connell for a crime he did not commit, with no explanation for why they would do so, would succeed.

criminal trial Roesler claimed that it was due to a typographical error that the affidavit submitted in support of the search warrant described Connell being three or four inches taller than he was with a thin build when in fact he was heavy-set. We agree with the District Court , which found it unlikely that the powder/rock inconsistency would have altered the outcome of the arbitration proceeding. As for the height/weight discrepancy, we find that any impeachment value was too minimal for it to be said that, in light of the essentially unchallenged evidence against Connell, the failure to cross-examine with the transcript was arbitrary.[2]

Connell also complains that his attorney failed to interview and subpoena for testimony witnesses who could provide support for his claim that he was the victim of a police conspiracy. Connell identifies only one such witness, Shomnik Gayles, his live-in girlfriend at the time of his arrest. Ms. Gayles' testimony, however, had the potential to hurt Connell more than it helped him. When asked at her deposition whether Larry Keeley purchased drugs from anyone in her home, she responded that she did not know, but added that "[t]here was talk in [her] house," and that she had seen Connell and Keeley talking. She testified that Connell and two other men smoked marijuana in the apartment "pretty much everyday," which contradicts Connell's deposition testimony that he never smoked marijuana there. Finally, she testified that when she asked Connell about the crack cocaine

---

[2] Connell also argues that his attorney should have questioned Roesler regarding his admission at trial that during his surveillance of Connell's apartment he never saw him sell drugs. Even if this was not raised during the hearing, and there is no transcript, it was emphasized in Connell's 28-page post-hearing letter brief.

after his arrest he did not protest his innocence but instead told her to mind her own business. In light of Ms. Gayles' deposition testimony, as well as the attorney's reasonable decision to shift the focus away from Connell's theory that he was the victim of a police conspiracy, his attorney's failure to subpoena Ms. Gayles to testify at the arbitration hearing cannot be said to have prejudiced Connell.[3]

The December 17, 2002 order of the District Court will be affirmed.

---

[3] Connell also complains that the attorney acted arbitrarily by failing to challenge the validity of the drug sales provision in the collective bargaining agreement on vagueness grounds and by violating several of New Jersey's Rules of Professional Conduct. He also claims that (1) the arbitrator's decision violated public policy and evidenced a manifest disregard for the law, (2) the arbitrator's decision had no support in the record, and (3) the arbitrator's decision violated the Double Jeopardy Clause of the Fifth Amendment of the Constitution. As the District Court found, all of these arguments are waived as they were not raised in Connell's amended complaint; we do not address them here.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion

/s/ Maryanne Trump Barry

Circuit Judge